UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| CHRISTOPHER H., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 19-cv-1192-JES-JEH |
| | ) |
| COMM'R OF SOCIAL SECURITY, | ) |
| | ) |
| Defendant. | ) |

## ORDER AND OPINION

This matter is now before the Court on Plaintiff's Motion (Doc. 21) for Attorney Fees, pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412. Defendant has filed a Response (Doc. 22) to Plaintiff's Motion and Plaintiff filed a Reply (Doc. 23). For the reasons set forth below, Plaintiff's Motion (Doc. 21) is GRANTED.

### DISCUSSION

Pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, Plaintiff asks this Court for an award of $10,967.74[1] in attorney fees payable to Hanson and Fisher, Attorneys at Law, P.C. Under the EAJA, a successful litigant against the federal government is entitled to recover his attorney's reasonable fees if: (1) he is a "prevailing party;" (2) the government's position was not "substantially justified;" (3) there exist no special circumstances that would make an award unjust; and (4) he filed a timely application and supporting itemized statement with the district court. 28 U.S.C. § 2412(d)(1)(A); *Krecioch v. United States*, 316 F.3d 684, 687 (7th Cir. 2003); *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 158 (1990). The burden of proof is on the government to prove it is "substantially justified" in law and fact at both the administrative and

---

[1] In Plaintiff's Motion (Doc. 21), he asks for $10,442.24 then updates his request to $10,967.74 in his Reply (including $827.56 for the Fee Motion and Reply) because Plaintiff filed a Reply to the Commissioner's Response.

court stages of adjudication. *Pierce v. Underwood*, 487 U.S. 552, 565 (1988); *Cummings v. Sullivan*, 950 F.2d 492, 497 (7th Cir. 1991).

Here, the Court finds all of the conditions outlined in 28 U.S.C. § 2412(d)(1)(A) and *Krecioch* have been met: based on the remand in this case, Plaintiff is the prevailing party; the Commissioner does not raise a substantial justification argument, therefore it concedes its position was not substantially justified; the Court has not identified any special circumstances that would make an award unjust in this case; and Plaintiff timely moved for an award of attorney fees within 30 days after the judgment became final. *See Shalala v. Schaefer*, 509 U.S. 292, 302 (1993) ("[A] party who wins a sentence-four remand order is a prevailing party."); *Melkonyan v. Sullivan*, 501 U.S. 89, 102 (1991) ("In sentence four cases, the filing period begins after the final judgment ('affirming, modifying, or reversing') is entered by the court and the appeal period has run, so that the judgment is no longer appealable."). "No award of fees is 'automatic' . . . once a private litigant has met the multiple conditions for eligibility for EAJA fees, the district court's task of determining what fee is reasonable is essentially the same as that described in *Hensley*." *Jean*, 496 U.S. at 161-63 (citing *Hensley v. Eckerhart*, 461 U.S. at 424 (1983)).

At issue before the Court is whether counsel's expended hours were reasonable. As stated in *Hensley*, in determining whether a fee is reasonable, district courts start by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. 461 U.S. at 433. However, courts should exclude hours that were not "reasonably expended" and courts may exclude hours that do not have adequate supporting documentation. *Id.* at 433-34. Therefore, counsel is expected to make a good faith effort to exclude hours that are "excessive, redundant, or otherwise unnecessary." *Id.* at 434. In his Motion, Plaintiff requests $10,442.24, later updated

2

in his Reply to $10,967.74, representing 56.5 hours[2] of attorney time plus .25 hour of support staff time for a total of 56.75 hours of work. *See* Docs. 21; 23-1. The Commissioner objects to Plaintiff's Motion and asks the Court to reduce Plaintiff's hours by at least 15 to 20 hours arguing Plaintiff failed to meet his burden to show counsel's hours were reasonably expended. Doc. 22, at 3. Therefore, the Court addresses the reasonableness of the fee below, as outlined by *Hensley*.

### A. Hourly Rate

Although not stated in his Motion or Reply, based on Plaintiff's time entry sheet he requests an hourly rate of $194.07 for counsel's work in 2019 and a $194.72 hourly rate for work completed in 2020. *See* Doc. 23-1, at 2. Plaintiff bases his calculation on a cost-of-living adjustment using the monthly regional CPI-U and an affidavit from an attorney attesting to the applicable non-contingent rate which exceeds the rate Plaintiff requests. The Commissioner does not contest counsel's hourly rate and this Court has approved similar hourly rates in EAJA petitions. *See e.g., McGuire v. Saul*, No. 18-cv-1385, ECF No. 27 (C.D. Ill. 2019) (approving counsel's uncontested rate of $203.02 per hour). Moreover, in *Sprinkle v. Colvin*, the Seventh Circuit held, in assessing EAJA petitions, "courts should generally award the inflation-adjusted rate according to the CPI using the date on which the legal services were performed." 777 F.3d 421, 428 (7th Cir. 2015). District courts may apply either a national or regional index in a case. *Id.* at n.2. The *Sprinkle* court further remarked so long as the requested EAJA hourly rate with a cost-of-living increase is less than the established prevailing market rate, it is appropriate for a court to award the EAJA rate with the cost of living allowance. *Id.* at 429. Here, Plaintiff submits

---

[2] This includes 52.25 hours of time for reviewing and analyzing the record and drafting Plaintiff's summary judgment motion; 1.5 hours for preparing Plaintiff's Motion for Attorney Fees; and 2.75 hours for drafting Plaintiff's Reply to the Commissioner's Response.

3

an affidavit from another attorney, Brian D. Johnson, in support of his petition. Doc. 21-3, at 1. Mr. Johnson affirms the prevailing market rate for an attorney with over 6 years of experience for the same type of work is $250-300; Mr. Johnson is familiar with the reputation and experience of attorney Robert E. Fisher who represents Plaintiff; and Mr. Fisher's services would be worth $250-300 on a non-contingent basis. Based on the above considerations, the Court finds counsel's requested hourly rates are reasonable.

### B. Reasonable Hours Expended

In requesting attorney fees pursuant to statutory authority, "the fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended." *Hensley*, 461 U.S. at 437. Plaintiff argues counsel's hours are reasonable based on the 1,578 page administrative record, the permissible range of time generally spent on social security cases being 40-60 hours, and the sophisticated medical terminology in this case. In urging the Court to reduce counsel's hours by 15-20 hours to "encourage proper billing," the Commissioner emphasizes that counsel spent 35 hours reviewing the record, which is unreasonable. Plaintiff replies to the Commissioner by further explaining why his specific time entries are reasonable.

As the Commissioner highlights, comparing the raw numbers of hours from another case is not helpful in determining whether the hours were "reasonably expended" unless "the Government could show cases cited were similar to the present case with respect to volume of the background materials, the procedural nature of the case, and the number and complexity of the issues presented." *Tchemkou v. Mukasey*, 517 F.3d 506, 511 (7th Cir. 2008). In support, the Commissioner cites to *Donaldson v. Colvin*, No. 11–cv–00554–JPG, 2013 WL 1156414 (S.D. Ill. Mar. 20, 2013) and *Wright v. Berryhill*, No. 14-cv-8163, 2017 WL 2588218 (N.D. Ill. Jun.

14, 2017). But the Commissioner does not explain the procedural or substantive similarities between those cases and the present case. Even assuming *Donaldson* and *Wright* are similar to this case, Plaintiff has identified caselaw which supports his position as well. Despite the Commissioner's submission, the Court finds Plaintiff has met his burden to show counsel's hours were reasonably expended.

Plaintiff cites *Schulten v. Astrue* No. 08 C 1181, 2010 WL 2135474 (N.D. Ill. May 28, 2010) to demonstrate that 40-60 hours is the typical range of time spent in social security cases. While the district court in *Schulten* acknowledged 40-60 hours is typical in some social security cases, the court also clarified an award is not "sustainable merely because the total amount requested is within the range of applications that have been sustained in other cases." *Schulten*, No. 08 C 1181, 2010 WL 2135474, at *6. Otherwise, such automation would tolerate charges that are excessive, duplicative, or unnecessary so long as the aggregate falls within the total amount approved in other cases. This Court finds this case is similar to the cases *Schulten* referred to where 40-60 hours was found typical. Turning to the other factors discussed by *Schulten*, the Commissioner does not argue any entries were duplicative or unnecessary nor does the Court find any that fit these categories. However, the issue of whether the entries were "excessive" is a close call.

Based on the Court's experience[3] with social security cases, counsel's requested hours do give the Court pause. Yet, they were not unreasonable to the extent the Court deems a reduction necessary. Counsel's brief was thorough and persuasive, especially considering the Commissioner did not object to remand.

---

[3] For example, in *McGuire*, No. 18-cv-1385, ECF No. 27, this Court granted the plaintiff's unopposed Motion for Attorney Fees including 36.1 total hours of time spent by an attorney and law clerk where the record included an excess of 1,500 pages, counsel filed a summary judgment, and the Commissioner agreed to a stipulation of remand.

In its Response, the Commissioner solely targets the number of hours counsel spent drafting and analyzing the record. The Court disagrees with Plaintiff that the Commissioner failed to address line items. Courts also appear to have different thresholds as to the necessary specificity the Commissioner must raise in objecting to an EAJA award. *Compare Ibarra-Montufar v. Colvin*, No. 12 CV 736, 2013 WL 6507865, at *4 (N.D. Ill. Dec. 12, 2013) (criticizing the Commissioner for failing to specify a line item that was excessive despite the Commissioner articulating it objected to the 37.7 hours counsel spent on the initial brief), *with Wright*, No. 1:14-CV-08163, 2017 WL 2588218, at *3 (reducing the number of hours where the Commissioner objected to the "22.75 hours [counsel spent] reviewing the record and taking notes and an additional 31.85 hours drafting and reviewing plaintiff's opening brief"). Here, the Court can easily understand the Commissioner's specific objection. The Commissioner focuses on the attorney's "more than 35 hours" of time entries for reviewing the record and analyzing, which appears to encompass entries from 11/13/19 through 11/20/19 totaling 35.5 hours. By arguing for a reduction of 15 to 20 hours, the Commissioner claims counsel should have spent about 15-20 hours reviewing and analyzing the record. However, the Court disagrees with the Commissioner's 35-hour calculation. The 11/20/2019 time entry focused on drafting Plaintiff's summary judgment brief rather than reviewing and analyzing the record, so it does not fit in the Commissioner's 35-hour calculation. On 11/20/2019, counsel for Plaintiff spent 8.5 hours reviewing and analyzing about 70 pages of the record, preparing the introduction to Plaintiff's brief, developing the case theory, outlining arguments, and drafting the statement of facts. Considering counsel's previous entries noted it took him about 8 hours to review and analyze 500 pages of the record, the time spent reviewing 70 pages was minimal on 11/20/19 and the entry focused more on the brief drafting. After removing the 11/20/2019 time entry from the

6

Commissioner's calculation, it appears counsel spent roughly half of his time reviewing and analyzing the record and half of his time drafting the brief, which makes this request more reasonable. Plaintiff's Reply explains why each of the entries from 11/13/2019-11/18/2019 spent reviewing and analyzing the record attributed to his favorable outcome in this case. Moreover, it seems odd to penalize an attorney who spends more time reviewing and analyzing than drafting as all of these activities are one in the same. The Court is not going to scrutinize the drafting styles of attorneys. After considering the total number of hours spent, which is within the general range for cases like this as described above, the Court does not find any specific line entry or task excessive. Counsel adequately detailed the number of pages he reviewed, the topics he focused on, and impressions he had while reviewing and analyzing the record. The Commissioner does not further explain how any of the entries from 11/13/2019-11/18/2019 were excessive aside from its general argument discussed above.

Other factors in favor of granting Plaintiff's request include counsel's billing restraint for clerical matters and attempt to settle this fee request. *See Hensley*, 461 U.S. at 437 (emphasizing litigants should attempt to settle attorney fees). For example, counsel did not bill for clerical work and where he did, he billed at a much lower rate for staff at $40 per hour, which amounted to a $10 charge. *See Spegon v. Cath. Bishop of Chicago*, 175 F.3d 544 (7th Cir. 1999) (courts can disallow hours billed by counsel for tasks "that are easily delegable to non-professional assistance"). The submitted timesheets also specifically detail counsel's work related to this case. *See Hensley*, 461 U.S. at 433 (noting courts may reduce the hours if the supporting timesheet documentation is inadequate). In sum, based on the circumstances surrounding this case and the Parties' submissions, the Court declines to reduce counsel's recoverable fees.

Additionally, Plaintiff requests attorney fees for time counsel spent drafting the Motion for Attorney Fees and Reply. The Commissioner does not address Plaintiff's request for these fees. In some circumstances, a prevailing party may also recover fees-on-fees. *See Ustrak v. Fairman*, 851 F.2d 983, 987-90 (7th Cir. 1988). *Cf. Smith v. Rosebud Farm, Inc.*, No. 11-CV-9147, 2018 WL 4030591, at *17 (N.D. Ill. Aug. 23, 2018) (declining to award fees-on-fees based on numerous billing deficiencies and counsel's "astounding lack of billing judgment"). The Court finds it is appropriate to award fees-on-fees in this case. Counsel has not displayed a clear lack of billing judgment and because the Parties could not settle because "the lead attorney had been on vacation," and the Commissioner now opposes Plaintiff's request, Plaintiff's Motion and Reply briefs were necessary to Plaintiff's successful fee recovery. In the future, parties, including the Commissioner here, should attempt to settle a reasonable and modest fee dispute before engaging in motion practice, which takes up not only the parties' time and resources but also the Court's.

**C. Award Offset**

Finally, counsel requests the Court to enter the award as directly payable to counsel rather Plaintiff based on the fee assignment authorized by Plaintiff to his attorney. The Commissioner opposes Plaintiff's request arguing that any award is subject to administrative offset. The Court agrees with the Commissioner. It is well-settled that any awarded fees belong to Plaintiff, not Plaintiff's attorney and can be offset to satisfy pre-existing debt that the litigant owes the United States. *Astrue v. Ratliff*, 560 U.S. 586, 589 (2010). The Court is not in a position to determine whether Plaintiff has any federal debts. Rather, the United States Treasury Department makes this determination regarding outstanding debts. *See Harrington v. Berryhill*, 906 F.3d 561, 563 (7th Cir. 2018). Just because "Plaintiff's counsel has had many EAJA fees

seized for various reasons in 2020," it does not justify awarding these fees directly to counsel. Furthermore, if Plaintiff has no debts as counsel suggests then counsel should have no issue receiving compensation. As many courts have stated, including this Court, if Defendant can verify that Plaintiff owes no pre-existing debt subject to offset, Defendant shall direct that the award be made payable to Plaintiff's attorney pursuant to the EAJA assignment duly signed by Plaintiff and counsel.

## CONCLUSION

For the reasons set forth above, Plaintiff's Motion (Doc. 21) is GRANTED. The Court awards Plaintiff $10,967.74 for attorney fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412. If Plaintiff does not owe a pre-existing debt subject to offset, Defendant shall direct payment of the $10,967.74 award to Plaintiff's attorney pursuant to the EAJA assignment.

Signed on this 17th day of March, 2021.

s/ James E. Shadid
James E. Shadid
United States District Judge